b KIRBY, J.
Dissents with Reasons.
The jurisprudence has termed an exemption from taxation as an “exceptional privilege” and one that must be “clearly, unequivocally and affirmatively established.” Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1 Cir.1977); City of New Orleans v. Heymann, 162 So.2d 582 (La.1935).
The majority opinion correctly notes that mandatory language, i.e. “shall be exempt,” is used in the constitution. But it is only mandatory if the taxpayor asserts her entitlement to the benefit of the exemption.
Based upon the preceding, I conclude that the assessor in the present matter had the right to require a homeowner to sign and return the card by mail, in order to claim the homestead exemption. Otherwise the Louisiana State Legislature would not have imposed penalties in La. R.S. 47:1703(C) for false statements in procuring the benefits of the homestead exemption.[1]
When Assessor Williams received neither the card nor any other notification that plaintiff claimed her homestead exemption, he correctly calculated the taxes without the benefit of the exemption. Moreover, when the plaintiff did not pay her | ¡¿axes, he correctly found the taxes the plaintiff owed to be delinquent. This scenario occurred for several years, until in 1988, the property was legally adjudicated to the City. This was done in strict compliance with all the notice requirements and other requirements so as to abide by due process of law.
Although the plaintiff argues that it was due to old age that she did not apply for the exemption and that she did not pay her taxes, the fact remains that Assessor Williams and the City followed the law in this case. The law of due process provides several safeguards so as to protect the property owner as much as possible, and that procedure was followed in this case. Moreover, it strains credulity to hold that from 1983 to 1998 plaintiff lived in the home, yet never received any of the numerous homestead exemption cards nor certified mail that the assessor sent to her home address year after year. As the record clearly reflects, the assessor even sent a certified letter to the plaintiff at the home in question, which was returned unclaimed.
Assessor Williams acted with leniency in waiting several years after delinquent taxes were owed to the City, from 1983 until 1988, prior to having the property adjudicated to the City in 1988.
The plaintiff filed this action in 1998, ten years after the adjudication of the property to the City, seeking an annulment of the adjudication and retroactive application of an exemption that was not sought for fifteen (15) years.
Insofar as the retroactive application of the homestead exemption is concerned, neither party appealed the actions of the assessor in retroactively granting the homestead exemption for three years, i.e. from 1996 through 1998. I cannot find any *408 statute stating that it is not within the discretion of the assessor to retroactively apply a homestead exemption as far back as three years. Nevertheless, we note that an assessor who maintains such a policy makes himself vulnerable to attacks for arbitrariness.
|3I would reverse the trial court’s retroactive application of the homestead exemption which dates back twelve years, i.e. from 1983-1995. As stated in Ethyl Corp. v. Collector of Revenue, supra, and City of New Orleans v. Heymann, supra, an exemption from taxation is an “exceptional privilege” and one that must be clearly, unequivocally and affirmatively established. Here all the plaintiff had to do was to sign and return a card that was mailed to her alleged home to affirmatively establish her homestead exemption. The plaintiff failed to do this for fifteen (15) years, which implies that this may not have been her home, as defined under the homestead exemption. Moreover, a precedent such as the one the trial court and majority opinion order, would place an undue burden upon the courts and the state to retroactively defend their actions everytime a taxpayor had a complaint, no matter how far back it extended.
For the aforementioned reasons, I would reverse the trial court’s ruling that the assessor retroactively grant, beyond three years, the homestead exemption as well as the annulment of the adjudication of the property to the City.
TOBIAS, J., dissents with reasons.

. It is reasonable that a taxpayor who claims to be living at a certain address and claims that address as his home for purposes of the exemption be sent via mail a questionaire to certify his homestead exemption status. If he is living there, he will receive the mail, if not, he is not entitled to the exemption. See La. R.S. 47:1703.1.